**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | | |
|---|---|---|
| KEROLES WAHEEB FAWZI GOHAR, | ) | |
| Petitioner, | ) ) | |
| v. | ) ) ) | No. 2:26-cv-02887-SHL-cgc |
| CHRISTOPHER BULLOCK, Field Office Director of U.S. Immigration and Customs Enforcement, New Orlean Field Office,[1] | ) ) ) ) | |
| Respondent. | ) ) | |

**ORDER STAYING TRANSFER AND REQUIRING RESPONSE**

On July 17, 2026, pro se Petitioner Keroles Waheeb Fawzi Gohar filed the Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241.[2]  (ECF No. 2.)  Petitioner states that he is a Coptic Christian from Egypt who has sought asylum in the United States.  (Id. at PageID 3–4.) He was arrested by ICE on June 12, given a bond hearing before an Immigration Judge ("IJ") on July 2, and was denied bond due to a "purported failure to file U.S. tax returns and on a change of address."  (Id. at PageID 4.)  Petitioner challenges the IJ's decision to "plac[e] the burden on [him] to disprove flight risk and dangerousness, rather than requiring the Government to justify continued detention."  (Id.)  He seeks release from custody or "a constitutionally adequate bond

---

[1] The only proper Respondent in this action is Christopher Bullock, Field Office Director of Enforcement and Removal Operations, New Orleans Field Office, Immigration and Customs Enforcement.  See Rosciszewski v. Adducci, 983 F. Supp. 2d 910, 913–14 (E.D. Mich. 2013) ("[T]he ICE District Director is the proper respondent in a habeas petition brought by an alien, since the District Director has power over such aliens.").  Accordingly, David Venturella, Todd Blanche, Markwayne Mullin, and the Facility Administrator of the West Tennessee Detention Facility are dismissed from the case.

[2] Along with the Petition, Petitioner filed an Emergency Motion for Temporary Restraining Order and Stay of Transfer or Removal.  (ECF No. 3.)  To the extent that motion requests a stay of Petitioner's transfer out of this District, the motion is **GRANTED**.

hearing," in which "the Government bears the burden of proving, by clear and convincing evidence, that Petitioner is a danger to the community or a flight risk." (Id. at PageID 5–6.)

The Court notes its recent ruling that a petitioner's due process right is violated when an IJ places on the petitioner the burden to prove that he is not a flight risk or dangerous. See Alsyouf v. Bullock, No. 26-CV-02762, 2026 WL 2088111, at *3 (W.D. Tenn. July 20, 2026) ("Respondent shall bear the burden of persuasion of justifying Petitioner's continued detention by adducing clear and convincing evidence on the record that Petitioner is either a flight risk or a danger to the community. . . .").

Upon review of the Petition, it is **ORDERED** as follows:

(1)     The Clerk of Court shall email copies of **the Petition and this Order** to the United States Attorney for the Western District of Tennessee at the following email address: **stuart.canale@usdoj.gov**.

(2)     Within **three business days** of the filing of this Order, Respondent shall respond to the Petition.  Respondent shall state whether Petitioner's July 2 bond hearing was constitutionally adequate in light of the Court's recent holding in Alsyouf, 2026 WL 2088111.  If no such showing is made, Respondent shall state whether he consents to the issuance of the writ.

(3)     Petitioner may file a reply after Respondent's responsive filing.

(4)     Respondent shall not transfer Petitioner out of the West Tennessee Detention Facility during the pendency of the Petition.

**IT IS SO ORDERED,** this 21st day of July, 2026.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE

2