**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | | |
|---|---|---|
| KEROLES WAHEEB FAWZI GOHAR, | ) | |
| Petitioner, | ) ) | |
| v. | ) ) | No. 2:26-cv-02887-SHL-cgc |
| CHRISTOPHER BULLOCK, Field Office Director of U.S. Immigration and Customs Enforcement, New Orlean Field Office, | ) ) ) ) | |
| Respondent. | ) ) | |

**ORDER TRANSFERRING CASE**

On July 17, 2026, pro se Petitioner Keroles Waheeb Fawzi Gohar filed the Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241.  (ECF No. 2.)  Petitioner states that he is a Coptic Christian from Egypt who has sought asylum in the United States.  (Id. at PageID 3–4.)  Although he had a bond hearing before an Immigration Judge on July 2, he was denied bond due to a "purported failure to file U.S. tax returns and on a change of address."  (Id. at PageID 4.)  Petitioner challenges the IJ's decision to "plac[e] the burden on [him] to disprove flight risk and dangerousness, rather than requiring the Government to justify continued detention."  (Id.)  He seeks release from custody or "a constitutionally adequate bond hearing," in which "the Government bears the burden of proving, by clear and convincing evidence, that Petitioner is a danger to the community or a flight risk."  (Id. at PageID 5–6.)

In its July 21 Order Staying Transfer and Requiring Response, the Court noted its recent ruling that a petitioner's due process right is violated when an IJ places on the petitioner, and not the government, the burden to prove that he is not a flight risk or dangerous.  (ECF No. 6 at PageID 28 (citing Alsyouf v. Bullock, No. 26-CV-02762, 2026 WL 2088111, at *3 (W.D. Tenn.

July 20, 2026) ("Respondent shall bear the burden of persuasion of justifying Petitioner's continued detention by adducing clear and convincing evidence on the record that Petitioner is either a flight risk or a danger to the community. . . .")).)

However, in his response (ECF No. 8), Respondent states that Petitioner has previously been before U.S. District Judge Mark S. Norris in Gohar v. Bullock, No. 26-cv-02118. Judge Norris granted the initial habeas petition in part, requiring Respondent to provide Petitioner with a bond hearing within 10 days. (ECF No. 8 at PageID 32.)

Given the substantial overlap in the prior proceedings and this Petition, the Court requests that this case be reassigned to Judge Norris. The Court therefore **DIRECTS** the Clerk to reassign this case.

**IT IS SO ORDERED,** this 29th day of July, 2026.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE